**PROTEIN FOUNDATION, INC,**
**Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of**
**Patents, Defendant.**

· **Civ. A. No. 3131–65.**

United States District Court
District of Columbia.

Nov. 2, 1966.

Rowland V. Patrick and Charles Winchester, Boston, Mass., and Dos T. Hatfield, Washington, D. C., for plaintiff.

Joseph Schimmel, Sol., and Jere Sears, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

In this case the application was rejected by the Patent Office as having been described in a printed publication more than one year prior to the date of the application for patent, 35 U.S.C. § 102(b). The disclosure was in a magazine. The issue of the magazine containing the disclosure was mailed in bulk in Menasha, Wisconsin on Wednesday, January 4, 1961. Admittedly the shipment was placed on a mail train to Chicago, where it was sorted and then the various copies were transmitted to their destination.

The application for a patent in this case was filed on Monday, January 8, 1962, more than a year after the mailing of the publication by second class mail. It is claimed in behalf of the applicant, however, that none of the copies reached their destination and therefore were not available to the public prior to Monday, January 8th, and that most of them reached their addresses considerably later. On this basis, if it is accepted, the publication was not issued more than a year prior to the date of the application for the patent and therefore the publication is not a bar.

█ █ The Patent Office claims that there is a presumption that at least some of the copies must have been delivered prior to Monday, January 8th. Admittedly none was mailed for delivery in the city of mailing, Menasha, Wisconsin, but the whole shipment went in bulk to Chicago, where it was sorted in the Chicago post office. While there is a presumption that a piece of mail sent through the

United States Post Office in ordinary course is delivered at its destination, there is no presumption as to when the delivery takes place. It is indeed possible, and sometimes it is done, to show what the course of the mail is, including schedules of trains, schedules of sorting out the mail, and schedules of delivery, and in the absence of evidence to the contrary, it is reasonable to infer that a particular piece of mail followed such course. There is no evidence, however, as to what the course of the mail was so far as this bulk shipment is concerned. It was, I repeat, second class mail, and the Court will take judicial notice of the fact that second class mail does not travel and is not distributed as rapidly as first class mail.

The applicant in support of its contention that less than a year expired between the publication of this magazine and the filing date of the application for a patent, made inquiries of various parties to whom these magazines were sent, most of them being libraries. The earliest delivery in Chicago, as shown by the evidence, is either January 9th or 10th. A number of deliveries were later, none earlier than the 9th. In fact, the copy received by the Patent Office in Washington, did not reach it until January 19th.

On the basis of the evidence, which is not disputed and, therefore, there is no material issue of fact, the Court reaches the conclusion that no copies of the magazine reached their destination prior to January 9th, and most of them arrived at their addressees considerably later. On this basis less than a year expired between the publication of this periodical containing the disclosure and the filing date of the application on January 8, 1962.

There is another matter to be considered. Title 35 U.S.C., Section 21, provides that when the last day for taking any action in the United States Patent Office falls on Saturday, Sunday or a holiday within the District of Columbia, the action may be taken on the next succeeding secular or business day. This application was filed on a Monday, to wit, Monday, January 8, 1962. If the applicant was ready to present it on Saturday, the application would not have been accepted for filing until the following Monday. Therefore, from that point of view, it is reasonable to compute the year, not from January 8, 1962, but from January 6, 1962. There can be no contention that any of these magazines were delivered by January 6, 1961, when they were mailed in bulk on January 4th. From this point of view also it cannot be said that the publication was issued more than a year prior to the filing of the application.

In the light of these considerations, the plaintiff's motion for summary judgment is granted, and the defendant's cross-motion is denied.